UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| In re: | Chapter 13 |
| William Virgil Stanfield, | Case No. 22-20337-JRS |
| Debtor. | |
| Kapitus Servicing, Inc., as servicing agent for Kapitus LLC, | Ad. Pro. No. 23-02003-JRS |
| Plaintiff, | |
| v. | |
| William Virgil Stanfield, | |
| Defendant. | |

**PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS[1], MOTION TO STRIKE AFFIRMATIVE DEFENSES, AND, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITIVE STATEMENT**

**Motion to Dismiss Defendant's Counterclaims**

Kapitus Servicing, Inc., as servicing agent for Kapitus LLC ("Kapitus"), hereby moves to dismiss Counts I, II, and III of Defendant's Counterclaim as they pertain to Kapitus. While Debtor names Kapitus as a co-crossdefendant in Counts I-III with non-party Global Resources, that designation is in name alone – the counts are completely void of any allegations of wrongdoing by Kapitus. These counterclaims fail to state claims against Kapitus for which relief can be granted

---

[1] Defendant includes six total counterclaim counts, but only the first three apply to Plaintiff. Plaintiff has no knowledge regarding the remaining three counts against Global Resources, LLC.

133641517.1                                    1

and must be dismissed. Further, Counts IV-VI do not pertain to Kapitus, and consequentially are not "counterclaims" and must be dismissed

As this Court has no doubt surmised, Debtor's constant litigation in this case amounts to nothing more than a slash-and-burn effort by Debtor to avoid the safeguards of Bankruptcy "affording relief only to an 'honest but unfortunate debtor.'" *Cohen v. de la Cruz*, 523 U.S. 213, 217, 118 S. Ct. 1212, 1216, 140 L. Ed. 2d 341 (1998). Debtor does not deny that he is indebted to Kapitus for the amount listed in Kapitus's proof of claim. That fundamental point, that he owes Kapitus, is not in dispute. Instead, and as this Court well knows, Debtor has continuously sought to avoid his promise on procedural grounds. First, he fought the timing of the proof of claim; Debtor is actively appealing that adverse ruling. Second, he moved to dismiss the adversary complaint, in part and unsuccessfully, on the basis that Kapitus did not plead fraud with particularity. Now, with no particularity and in contravention of his own arguments in *his* motion to dismiss, Debtor counterclaims with allegations of fraud against Kapitus. Debtor's non-substantive kitchen-sink approach should not be countenanced.

In truth, Debtor pursues counterclaims that he knows are baseless. As expounded upon below, the Counterclaims lack any factual basis against Kapitus, completely lacking any allegations of fraud or identification of any purportedly problematic representations, despite all three claims containing fraud components. Debtor does not include these allegations because he knows they do not exist. Notably, while Debtor did schedule potential claims against Global Resources (Kapitus' purported co-crossdefendant) "for fraud and other causes of action", Debtor **did not** schedule any claims or potential counterclaims against Kapitus. *See* Doc. 1, p. 19, ¶s 33 and 34. Tellingly, Debtor pleads in Counts IV-VI "Alternative Counts" against just Global Resources. These purported "Counterclaims" – which are not against the sole Plaintiff in this

action – are plead in the alternative to the counts that do name Kapitus and are ostensibly mirror-images of Counts I-III minus the veneer allegations nominally relating to Kapitus. Debtor's "Counterclaims" should not be tolerated.

**Debtor makes no factual allegations as to any wrongdoing by Kapitus, let alone fraud.**

This Court is familiar with the *Iqbal/Twombly* standard for motions to dismiss. Indeed, Debtor recently attempted to dismiss the adversary complaint here under that standard. (*See* D.E. 15.) As the Court is aware, the gist of that line of jurisprudence is that a complaint (or counterclaim) must contain affirmative and substantive factual assertions that rise beyond speculation. Debtor's factual allegations against Kapitus in its counterclaims do not even arise to allegations of wrongdoing, let alone provide support of an *Iqbal/Twombly* analysis.

And as an even more difficult headwind for Debtor, Debtor's counterclaims lead with an allegation of fraud against Kapitus, which of course falls under a higher standard of pleading specificity. Kapitus does not disagree with Debtor's argument that the heightened pleading standard for fraud:

> is only met if 'the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.'

(D.E. 15 at 7 (citing authority).) Yet here, Debtor's factual allegations in his counterclaims only tangentially apply to Kapitus despite three of the six counts specifically naming Kapitus as a counterdefendant. Debtor's only affirmative assertion with respect to Kapitus is not in dispute: that Kapitus provided Debtor's company (S&S) with funds:

> ***Once Plaintiff funded its loan to S&S***, Global collected a substantial fee . . .

3

(D.E. 22 at 12 (emphasis added[2]).)  That is it.  That is the only affirmative assertion that Debtor makes against Kapitus.  Debtor's only other potentially affirmative factual allegation pertaining to Kapitus is in Paragraph 30 of his counterclaim, where he alleges that "***Counterclaim Defendants did not intend to provide Defendant or S&S with the benefits they promised*** in violation of the Georgia Fair Business Practice Act."  (*Id.* at 14 (emphasis added).).  Yet that statement directly contradicts his previous assertion and admission that Kapitus funded his company (*e.g.*, the benefits promised).

No matter how the reader parses through the allegations, that is the extent of Debtor's assertive allegations against Kapitus.  Debtor makes no further definitive claims as to Kapitus's actions.  He does, however, make two more *speculative* assertions, neither of which suggest even a scintilla of wrongdoing:

> Upon information and belief, Defendant alleges that Counterclaim Defendants had engaged in similar conduct with other actual and potential borrowers

> As noted above, ***Kapitus was purportedly in the business of lending money*** and Global was purportedly in the business of providing management consulting services.

(*Id.* at 12 and 14, respectively (emphasis added).)  In sum, Debtor alleges that: (i) Kapitus was in the business of lending money; (ii) upon Debtor's information and belief, Kapitus lent to other borrowers; and (iii) "[o]nce [Kapitus] funded its loan to S&S," it "did not intend to provide Defendant or S&S with the [funding] it promised" and had just provided.  (*Id.*)

**Debtor's counterclaim of unjust enrichment fails in the face of a valid contract.**

Debtor does not dispute that he and his company S&S entered into a valid contract with Kapitus.  Likewise there is not dispute that the contract is governed under Virginia law.  It is black

---

[2] Kapitus objects to any reference or characterization that its funding to S&S was a loan as opposed to a purchase of assets.  That characterization, however, has no bearing on this analysis.

4

letter law that a claim for unjust enrichment cannot survive in the face of a contract between parties. *See NAC Consulting, LLC v. 3Advance, LLC*, No. 122CV318RDAIDD, 2023 WL 159768, at *5 (E.D. Va. Jan. 11, 2023) ("…under Virginia law, Plaintiff cannot recover on its unjust-enrichment claim if a valid contract governs the parties' relationship.")

**There are no allegations of Kapitus's wrongdoing, and thus there cannot be a violation of Georgia's Fair Business Practices Act.**

Debtor of course makes no specific allegations as to how Kapitus violated Georgia's Fair Business Practices Act. Instead, Debtor paints with a broad brush to say that Kapitus "engaged in fraudulent conduct to mislead Defendant into accepting a loan from Kapitus." (D.E. 22 at 14.) Debtor does not identify the fraudulent statement, does not identify the time and place of the statement, does not identify what in the statement Debtor purportedly relied on, and does not identify the damages that resulted from that purported reliance. In essence, Debtor fails to identify a single item that he himself identified in his motion to dismiss as mandatory requirements.

Kapitus at this time does not have enough information to opine as to the allegations against Global Resources, LLC. Kapitus does, however, recognize and object to Debtor's fact-less counterclaims against it that not only run counter to the Federal Rules of Civil Procedure but also to Debtor's own argument (D.E. 15) as to the requirements for valid pleadings. Debtor's extensive litigiousness has cost substantial judicial time and resources (as well as the parties'), and should not be further countenanced. Consequently, Kapitus moves that Debtor's Counts I, II, and III of the Counterclaim be dismissed with prejudice.

**Counts IV-VI are not "counterclaims" and should be dismissed**

Counterclaim Counts IV-VI are solely against Global Resources, and not Kapitus. These counts are therefore not against an opposing party and are not counterclaims. *See* F. R. Civ. P. Rule 13, as made applicable by Rule 7013. Accordingly, Counts IV-VI must be dismissed with

prejudice.

WHEREFORE, Kapitus moves this Court to dismiss all counts of the Debtor's counterclaims, with prejudice, and for additional relief as is appropriate and just.

### PLAINTIFF'S MOTION TO STRIKE DEFENSES, OR, IN THE ALTERNTATIVE, MOION FOR MORE DEFINITIVE STATEMENT

#### Motion to Strike Defenses

Kapitus requests that this Court strike the Debtor's first two defenses under Rule 12(f).

1. Defendant pleads two defenses[3], both of which should be stricken by this Court.

2. Plaintiff's "First Defense" states that "Plaintiff's Complaint fails to state a claim for which relief can be granted."

3. Plaintiff's "Second Defense" states that "Plaintiff's [sic] is not the real party in interest in this case. Pursuant to Fed. R. Civ. P. 17(a), Defendant objects to proceeding unless the real party in interest is joined in this case."

4. Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7012, the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

5. The standards for ruling on a Rule 12(f) motion are the same as those that govern Rule 12(b)(6); therefore, the Court must assume that the facts as stated in connection with the defense are true and then determine whether those facts fail to state a legal defense. *In re Greiner*, 2019 WL 1282911, at * 3 (Bankr. N.D. Ga. Mar. 18, 2019).

6. While not addressed by the Eleventh Circuit, the majority of courts have determined that the pleading standards set forth in *Aschroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007) apply to affirmative defenses. *In re Fischer*,

---

[3] Defendant's "Third Defense" is in actuality Defendant's answer to the Complaint.

2011 WL 1659873, at *1 (Bankr. N.D. Ga. April 12, 2011); *but see In re Bal Harbour Quarzo, LLC*, 640 B.R. 597, 600 (Bankr. S.D. Fla. 2022).  Affirmative defenses are insufficient if they only provide threadbare recitals supported by mere conclusory statements without factual allegations enough to raise a right to relief above the speculative level.  *Castillo v. Roche Laboratories, Inc.*, 2010 WL 3027726, at *1 - *2 (Bankr. S.D. Fla. Aug. 2, 2010).

7. Plaintiff contends that the *Iqbal* and *Twombly* standards apply to affirmative defenses, and that Defendant's First Defense and Second Defense should be stricken for failure to meet this standard as they are threadbare recitals devoid of factual allegations.

8. Additionally, the First Defense should be stricken because this Court has already addressed whether the Complaint has sufficiently stated a claim for which relief can be granted.  To wit, Defendant previously asserted in his *Brief in Support of Defendant's Second Motion to Dismiss* (Doc. 15, "Motion to Dismiss") that all counts of Plaintiff's Complaint failed to state a claim for which relief can be granted.  *See* Motion to Dismiss; *see also Defendant's Second Motion to Dismiss*, Doc. 14 (Defendant moved to dismiss the Complaint "on the grounds that the Complaint does not state a claim for which relief can be granted").

9. This Court denied Defendant's Motion to Dismiss pertaining to Counts I and II.  *See* Doc. 20, *Order Granting in Part and Denying in Part Second Motion to Dismiss* (finding that "these allegations are enough to state a claim for relief under § 523(a)(2)(B)" and, in regards to Count I (§ 523(a)(2)(A)), "This is sufficient to plead fraud with particularity under Rule 9(b)").

10. The Court has already determined that Plaintiff properly states claims for relief in its Complaint for Counts I and II.  Defendant should not be permitted to relitigate these issues and have a second bite of the apple.

**In the Alternative - Motion for a More Definite Statement**

Alternatively, if the Court does not strike Debtor's Second Defense, Kapitus seeks an order requiring Debtor to provide a more definitive statement.

1. Putting aside that Debtor has extensively litigated this case to date, including the filing of two motions to dismiss, litigating an objection to claim and subsequently appealing the adverse ruling thereto, and filing an answer in this adversary proceeding, all the while never once objecting to or challenging Plaintiff's standing or right to bring its claims, Plaintiff asserts for the first time in its Second Defense that Plaintiff is not the real party in interest in this case and "objects to proceeding unless the real party in interest is joined in this case." Debtor does not give any indication of who he believes is the "real" party and how Debtor intend to pursue his objection "to proceeding unless the real party in interest is joined in this case" given that Debtor has now (a) answered the Complaint, and (b) has filed and is pursuing both counterclaims and third party claims.

2. Pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, a party may move for a more definite statement if a pleading is "so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). If a pleading "fails to specify the allegations in a manner that provides sufficient notice," or does not contain enough information to allow a responsive pleading to be framed, the proper remedy is a motion for a more definite statement. *Rosen v. Execujet Servs. Ltd. Liab. Co.*, 2015 U.S. Dist. LEXIS 194183, at *3 (S.D. Fla. Aug. 9, 2015) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

3. The Second Defense is devoid of any factual allegations and lacks clarity of what Debtor's contentions are regarding Plaintiff's standing. The Second Defense is so vague and ambiguous that Plaintiff cannot reasonably ascertain what Debtor contends, nor can Plaintiff frame

8

133641517.1

a responsive pleading.  Debtor must provide a more definitive statement on who he believes the "real" party is (or why he disputes that Plaintiff is the real party).

WHEREFORE, the Court should strike Debtor's first two defenses.  Alternatively, Debtor should be required to provide a more definitive statement regarding his first defense.

Dated:  August 3, 2023.

                            **CARLTON FIELDS, P.A.**

                            */s/ Justan C. Bounds*
                            Justan C. Bounds
                            Georgia Bar No. 339789
                            jbounds@carltonfields.com
                            1201 West Peachtree Street - Suite 3000
                            Atlanta, Georgia 30309
                            404-815-3400
                            404-815-3415 (fax)

                            *Attorneys for Plaintiff Kapitus Servicing, Inc., as authorized servicing provider for Kapitus LLC*

133641517.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed on August 3, 2023, using the Court's CM/ECF system to serve all registered users in this case.

/s/ *Justan C. Bounds*
Justan C. Bounds

133641517.1