**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **WILLIAM VIRGIL STANFIELD,** | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Case No 22-20337-jrs |
| | ) | |
| ------------------------------------------------------ | ) | |
| **KAPITUS SERVICING, INC.** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ADVERSARY** |
| v. | ) | **PROCEEDING** |
| | ) | |
| **WILLIAM VIRGIL STANFIELD,** | ) | No. 23-2003 |
| | ) | |
| Defendant / Counterclaim Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **GLOBAL RESOURCES, LLC,** | ) | |
| Counterclaim Defendant | ) | |
| and Third-Party Defendant | ) | |

===============================================================

**GLOBAL RESOURCES LLC'S**
**MOTION TO DISMISS ALL COUNTERCLAIMS**

COMES NOW Defendant GLOBAL RESOURCES, LLC ("Global"), by and through undersigned counsel, and, pursuant to Fed. R. Bankr. P. Rule 12(b)(6), files this Motion to Dismiss, with prejudice, all counterclaims asserted against it by Defendant / Counterclaim Plaintiff / Debtor William Virgil Stanfield ("Stanfield").

## MEMORANDUM OF LAW

**Introduction**

Global files this Motion to Dismiss under Fed. R.Civ. P. 12(b)(6) because the counterclaim plaintiff, as opposed to the entity which he owns and controls, lacks privity and any claim against Global. Because the counterclaims are brought by the Debtor in his personal name, the counterclaims against Global must be dismissed. Fed. R. Bankr. P. Rule 7012 provides that "Rule 12(b) F. R. Civ. P. applies in adversary proceedings." Fed. R. Bankr. P. Rule 7008 provides that "Rule 8 F. R. Civ. P. applies in adversary proceedings."

While Rule 8(a)(2) of the Federal Rules of Civil Procedure sets out a liberal pleading standard, a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Furthermore, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* In deciding a Rule 12(b)(6) motion, the court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

"Determining whether a complaint states a plausible claim for relief will...be a context-specific task that requires the court to draw on its judicial experience and common sense." *Id.* at 679. When doing so, the Court "must construe the complaint in a light most favorable to plaintiff, accept all well-pled factual allegations as true, and determine whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516,519 (6th Cir. 2008) (*citing Harbin- Bey v. Rutter,* 420 F.3d 571, 575 (6th Cir. 2005)).

As shown below, the claims by Stanfield, as pleaded in his counterclaims against Global, fail to state a claim against Global by this claimant, and should therefore be dismissed.

**Procedural Background**

Debtor William Vigil Stanfield ("Debtor" or "Stanfield") filed his Chapter 13 Bankruptcy Petition on April 18, 2022. One of the creditors in the Bankruptcy is Kapitus Servicing, Inc., as servicing agent for Kapitus LLC ("Kapitus").

On June 28, 2022, Kapitus filed Proof of Claim 11 in the Bankruptcy alleging a claim in the amount of $85,825.34 against the Debtor's estate (the "Claim").

On February 10, 2023, Kapitus filed this Adversary Case against Debtor seeking judicial determination of the nondischargeability of the debt reflected in the Claim. On July 13, 2023, Debtor filed its Answer to the Adversary Complaint (the "Answer"). In the Answer, Debtor denied the non-dischargeability of the debt and raised seven (7) counterclaims and third-party claims against Kapitus and also against Global, which was not yet a party to the Adversary Case.

On July 13, 2023, concurrent with filing its Answer, Debtor (the Defendant and Counterclaim Plaintiff) also filed its "Motion to Add Global Resources, LLC as Counterclaim Defendant."

The Court entered a Consent Order on August 22, 2023 (Doc. No. 35) (the "Global Order") granting Stanfield's Motion to add Global as a counterclaim defendant. Global filed its Answer to the Third-Party Complaint (Count VII) on August 15, 2023 (Doc. No. 32). Significantly, the Global Order expressly confirms that Stanfield lacks privity of contract with Global.

Global files this Motion to Dismiss as its first responsive pleading to the Counterclaims raised in Counts I through VI in Stanfield's Answer and Counterclaims (the "Counterclaims").

Global has previously filed an Answer as to the third-party count raised in Count VII of the Counterclaims, and renews its denial and opposition to that third-party claim. However, the arguments raised here are equally applicable to the Third-Party Claim in Count VII (Indemnification by Global) and may be considered by this Court in its discretion of Count VII.

For the reasons shown below, Global files this Motion to Dismiss and asks this Court to dismiss all claims against Global.

Notwithstanding all of the arguments raised herein, Global denies all of the factual allegations related to its conduct alleged in the asserted counterclaims and third-party claims.

**ARGUMENT AND CITIATIONS OF AUTHORITY**

**Counterclaim Count I: Fraud**

Count I raises a claim of fraud against both Global and Kapitus. Kapitus has already filed its own motion to dismiss, or in the alternative for a more definite statement (the "Kapitus Motion") as to the claims in Counterclaim Count I. Global herein ratifies and raises the defenses in the Kapitus Motion.

Pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, a party may move for a more definite statement if a pleading is "so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). If a pleading "fails to specify the allegations in a manner that provides sufficient notice," or does not contain enough information to allow a responsive pleading to be framed, the proper remedy is a motion for a more definite statement. *Rosen v. Execujet Servs. Ltd. Liab. Co.*, 2015 U.S. Dist. LEXIS 194183, at *3 (S.D. Fla. Aug. 9, 2015) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)). Here, Global argues that Counterclaim I, sounding in fraud, fails to plead with particularity which statements

made by Global were allegedly misrepresentations. In the absence of such particularity, Count I should be dismissed.

Additionally, Stanfield's fraud count in Counterclaim I seems to arise from statements made in connection with the business relationship between Global and S&S Storefronts, Inc. ("S&S"). It was S&S, <u>and not Debtor Stanfield</u> (who was President and acting agent of S&S), who signed a contract with Global, and who would have been the party to have relied on any alleged misrepresentation. As such, it is S&S, and not Debtor Stanfield, who would hold any potential claim for fraud against Global. It is undisputed that Debtor Stanfield executed a contract on behalf of S&S with Global and that said contract contains an arbitration provision. Here, Debtor Stanfield attempts to avoid the arbitration provision by filing Counterclaim I in his own personal name against Global. This attempt must fail.

In Georgia, the tort of "fraud has five elements: (1) a false representation or omission of a material fact; (2) scienter; (3) intention to induce the party claiming fraud to act or refrain from acting; (4) justifiable reliance; and (5) damages." *Remax N. Atlanta v. Clark*, 244 Ga. App. 890, 893, 537 S.E.2d 138 (2000) (citing *Klusack v. Ward*, 234 Ga. App. 178, 179, 507 S.E.2d 1 (1998)). Here, without addressing any of the first four elements, or their absence of specificity, Stanfield has not and cannot show any damages, which is an essential element of fraud. Stanfield was not a party to the contract with either S&S or with Kapitus, and has paid no money to either of the Counterclaim I defendants. In the absence of any direct damages to Stanfield personally, and not derivative or indirect due to his relationship to S&S, Stanfield does not satisfy the elements of fraud, and Count I should be dismissed.

**<u>Counterclaim Count II: Unjust Enrichment.</u>**

Similarly, the unjust enrichment counterclaim is also brought by the wrong plaintiff. Here, the contract was plainly between S&S and Global., and not with Counterclaim Plaintiff Stanfield personally. And Stanfield has no standing in a claim for unjust enrichment, as Stanfield personally has paid nothing and lost nothing of value to Global. To the extent that Stanfield is irked by Global, it is based on the fact that his company S&S may have a claim or claims against Global. And that possible claim would be governed by the contract between the parties at issue. The contract between Global and S&S (the "S&S Contract") would both defeat any claim for unjust enrichment and subject it to the applicable arbitration provision in the contract. Either way, Counterclaim II, as plead by Debtor Stanfield against Global should be dismissed.

**Counterclaim Count III: Violation of the Georgia Fair Business Practices Act.**

Similarly, the Court should dismiss the Counterclaim alleging violation of the Georgia Fair Business Practices Act ("FBPA") because Counterclaim Plaintiff Stanfield has no privity and has suffered no injury from Global.

The FBPA provides a private right of action only to a person who suffers injury or damages as a result of a violation. Accordingly, Georgia courts have held "that to prevail on a private cause of action under the FBPA, a private individual must establish three elements: a violation of the Act, causation, and injury. We have consistently held that in accordance with the statutory requirements of the FBPA, the measure of damages to be applied for an FBPA violation is that of actual injury suffered." *Edel v. Southtowne Motors of Newnan II, Inc.* 338 Ga. App. 376 (2016); *see also Moore-Davis Motors v. Joyner,* 252 Ga. App. 617 (2001).

Here, Stanfield has pleaded no direct damages or injury from any alleged conduct by Global. Stanfield is not able to stand in the shoes of S&S and raise this or any other business count against Global, who had engaged in a business transaction with S&S, not with Stanfield.

**Counterclaim Count IV: Fraud**

Count IV is a repeat of Counterclaim I, but alleged only as to Global. As such, the Kapitus Motion is correct that this is a third-party claim and not a counterclaim. Moreover, the defenses and arguments raised above as to Count I apply equally to Counterclaim IV. Stanfield is not the proper party to bring an action for fraud against Global. Stanfield lacked privity with Global, did not take any actions on his own behalf based upon any alleged act by Global, and has not pleaded any direct injury arising from the actions of Global.

**Counterclaim Count V:  Unjust Enrichment.**

Count V is a repeat of Counterclaim II (also for unjust enrichment), but alleged only as to Global. As such, the Kapitus Motion is correct that this is properly a third-party claim and not a counterclaim. Moreover, the defenses and arguments raised above as to Count II apply equally to Counterclaim V. Stanfield is not the proper party to bring an action for unjust enrichment against Global. Stanfield lacked privity with Global, and has paid no money or property to Global to support a finding of unjust enrichment.

**Counterclaim Count VI:  Violation of the Georgia Fair Business Practices Act.**

Count VI is a repeat of Counterclaim II, but here alleged only as to Global. As such, the Kapitus Motion is correct that this is properly a third-party claim and not a counterclaim. Moreover, the defenses and arguments raised above as to Count III apply equally to

Counterclaim VI. Stanfield is not the proper party to bring an action under the FBPA against Global. Stanfield lacked privity with Global, and has not pleaded any direct injury arising from the actions of Global.

**Counterclaim Count VII:  Indemnity**

Count VII is a short third-party claim apparently seeking common law indemnity by Global as to any liability assessed against Stanfield to Plaintiff Kapitus. Global has already filed its Answer denying all liability for this third-party claim, and ratifies this denial here. Global notes that its reliance on the arbitration provision in the S&S Contract is limited to the extent this claim is brough solely by Stanfield and not by S&S. Global therefore moves this court to require a more definite statement as to the indemnity claim, or to dismiss the claim in its entirely in the event the claims against Kapitus do not survive the Kapitus Motion.

**WHEREFORE**, Global moves this Court to dismiss all Counterclaims raised by Stanfield, ad for such other relief as the Court finds just and equitable.

Respectfully submitted, this 24th day of September,  2023

**Howard Slomka, PC**

____/s_____
**Howard P. Slomka, Esq.
Georgia Bar No. 652875
6400 Powers Ferry Road NW, Suite 200
Atlanta, Georgia 30339
(770) 856-5793
Howie@Slomka.us
Attorney for Defendant**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **WILLIAM VIRGIL STANFIELD,** | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Case No 22-20337-jrs |
| | ) | |
| ------------------------------------------------------------ | ) | |
| **KAPITUS SERVICING, INC.** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ADVERSARY** |
| v. | ) | **PROCEEDING** |
| | ) | |
| **WILLIAM VIRGIL STANFIELD,** | ) | No. 23-2003 |
| | ) | |
| Defendant / Counterclaim Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **GLOBAL RESOURCES, LLC,** | ) | |
| **Counterclaim Defendant** | ) | |
| **and Third-Party Defendant** | ) | |

==================================================================

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he has served a copy of the attached Motion to Dismiss Counterclaims on this day using the Court's ECF system to all users and parties in interest.

Respectfully submitted, this 24th day of September 2023

**Howard Slomka, PC**

_____/s_____
**Howard P. Slomka, Esq.
Georgia Bar No. 652875
6400 Powers Ferry Road NW, Suite 200
Atlanta, Georgia 30339
(770) 856-5793
Howie@Slomka.us
Attorney for Defendant**