

**IT IS ORDERED as set forth below:**

**Date: December 27, 2023**

_____
**James R. Sacca**
**U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 13 |
| WILLIAM VIRGIL STANFIELD, | ) | |
| | ) | Case No. 22-20337-JRS |
| Debtor. | ) | |
| | ) | |
| KAPITUS SERVICING, INC., | ) | |
| | ) | Adversary Proceeding |
| Plaintiff, | ) | |
| | ) | Case No. 23-2003-JRS |
| v. | ) | |
| | ) | |
| WILLIAM VIRGIL STANFIELD, | ) | |
| | ) | |
| Defendant. | ) | |
| v. | ) | |
| | ) | |
| KAPITUS SERVICING, INC. | ) | |
| | ) | |
| Counterclaim Defendant, | ) | |
| | ) | |
| and GLOBAL RESOURCES, LLC, | ) | |
| | ) | |
| Counterclaim Defendant and Third-Party Defendant. | ) | |

1

## ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS

This matter is before the Court on the Motions to Dismiss filed by Kapitus Servicing, Inc. ("Kapitus") and Global Resources, LLC ("Global"). [Docs. 29 & 38]. Kapitus opened this Adversary Proceeding by filing a Complaint against William Virgil Stanfield (the "Debtor"). [Doc. 1]. The Debtor filed a Motion to Dismiss the claims brought by Kapitus, [Docs. 7 & 8], and Kapitus responded by filing an Amended Complaint. [Doc. 12]. The Debtor then filed a Second Motion to Dismiss Kapitus's Complaint [Docs. 14 & 15]. Kapitus filed a Response to the Second Motion to Dismiss. [Doc. 16]. The Court dismissed Count III of Kapitus's Complaint under 11 U.S.C. § 523(a)(4), but Counts I and II under 11 U.S.C. § 523(a)(2)(A) and 11 U.S.C. § 523(a)(2)(B), respectively, survived. [Doc. 20].

After litigating his Motion to Dismiss, the Debtor filed an Answer to Kapitus's Complaint, and in that Answer included counterclaims and third-party claims against both Kapitus and Global (the "Debtor's Claims"). [Doc. 22]. Global was later added as a party to this action by a consent order entered by the Court. [Doc. 35].

The Debtor, who owned and operated S&S Storefronts, Inc. ("S&S"), alleges that Global contacted him sometime in 2021 to offer management consulting services to S&S. After multiple conversations, Global allegedly promised to help S&S with cash flow problems and profitability and told the Debtor that S&S needed to borrow money to ameliorate those problems. Global then allegedly proposed that S&S borrow funds from Kapitus in the short term and then later take out another loan to pay off the debt to Kapitus. Debtor alleges that a representative from Global called an

established contact with Kapitus on his mobile phone and arranged for the loan to S&S. Working with Kapitus, Global then prepared all the forms for execution by S&S and the Debtor and induced the Debtor to sign them, including a personal guaranty. Once Kapitus funded the money to S&S, Global collected a substantial fee from the proceeds and allegedly abandoned S&S, leaving it without the promised help and—because of the Global Fee—unable to continue in business and indebted to Kapitus. All of this, according to the Debtor, constituted a scheme to defraud him.

Based on these alleged facts, the Debtor brought Counts I-III against Kapitus asserting causes of action for Fraud, Unjust Enrichment, and Violation of the Georgia Fair Business Practices Act. The Debtor also brought Counts IV-VII against Global asserting causes of action for Fraud, Unjust Enrichment, Violation of the Georgia Fair Business Practices Act, and Indemnification.[1]

Kapitus then filed a Motion to Dismiss (the "Kaptius Motion to Dismiss") arguing generally that the Debtor's counterclaims should be dismissed for failure to state a claim and that the claims are void of any allegations of wrongdoing on Kapitus's behalf. [Doc. 29]. With regard to the fraud count, Kapitus argues that the Debtor did not make any allegations of fraud or any problematic representations by it, as opposed to Global, and also failed to plead fraud with particularity. Kapitus next argues that the counterclaim for unjust enrichment fails in the face of the contract, which is governed by Virginia law, and that Virginia law provides that a

---

[1] The Debtor has now withdrawn the Counts III and VI relating to the Georgia Fair Business Practices Act, so any arguments relating to dismissal of those claims need not be addressed.

claim for unjust enrichment cannot survive where the parties have a contract. Kapitus also moves to dismiss Counts IV-VI arguing that they do not pertain to Kapitus, and consequentially are not "counterclaims" and must be dismissed.

Global also filed a motion to dismiss (the "Global Motion to Dismiss" and together with the "Kapitus Motion to Dismiss" the "Motions"). [Doc. 38]. Global adopts the arguments made by Kapitus but also argues that any counts against Global should be dismissed because the Debtor, as opposed to S&S, lacks privity with Global, which was expressly included as a stipulation in the order adding Global as a party to this adversary proceeding. Global argues that all of these claims should have been brought by S&S, not the Debtor, and that the Debtor only brought these claims in his individual capacity to avoid an arbitration provision in an agreement between S&S and Global. Global argues that Stanfield's fraud count arises from statements made in connection with the business relationship between Global and S&S because it was S&S, and not the Debtor, who signed a contract with Global and who would have been the party to have relied on any alleged misrepresentation. Global also argues that the fraud count should be dismissed because the Debtor cannot show any damages. As for the unjust enrichment claim, Global argues that it should be dismissed because Stanfield personally paid nothing and lost nothing of value. Before filing the Global Motion to Dismiss and before being added as a party to this case, Global filed an Answer to the indemnification claim denying liability (the "Global Limited Answer"). [Doc. 32]. Nevertheless, in the Global Motion to Dismiss Global

points out that the above arguments apply equally to the indemnification claim and asks the Court to dismiss the indemnification claim.

The Debtor filed a Response to the Kapitus Motion to Dismiss and a Response to the Global Motoin to Dismiss (collectively, the "Responses"). [Docs. 40 & 41]. In the Responses, the Debtor argues that he has sufficiently pleaded his claims. He argues that he has alleged that he was defrauded by Kapitus and Global, that they worked together to cheat him and S&S out of money, that employees of Kapitus worked with employees of Global to convince him to borrow money from Kapitus and give it to Global leaving S&S and the Debtor on the hook for the debt, and that both Defendants are responsible for the fraud.

## DISCUSSION

Under Federal Rule of Civil Procedure 12(b)(6), made applicable in adversary proceedings pursuant to Bankruptcy Rule 7012, a court will dismiss a claim if it fails to state a claim for which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012(b). To state a claim, a complaint "must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed.R.Civ.P. 8(a)(2); Fed. R. Bankr. P. 7008. This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir.2001). Instead, the complaint need only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Id.* (internal citation and quotation omitted).

5

"A complaint need not specify in detail the precise theory giving rise to recovery." *Sams v. United Food and Comm'l Workers Int'l Union*, 866 F.2d 1380, 1384 (11th Cir.1989). "All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." *Id.* Still, simple recitals of elements supported by mere conclusory statements will not survive a motion to dismiss; the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). When considering a motion to dismiss, filed under Rule 12(b)(6), the court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir.2008).

With that background on the law, the Court will now address the various arguments made in the Motions and Responses. The Court begins by addressing the argument that these claims should have been brought by S&S instead of the debtor. It is true that S&S potentially could have brought causes of action against these parties; however, S&S has not chosen to do this. That does not mean that the Debtor himself cannot also bring causes of action on these facts. Debtor alleges that he was defrauded by these parties. It is true that these parties could have also defrauded S&S, but that is not the issue here. Just because S&S entered into contracts with Global and Kapitus does not mean that Global and Kapitus could not have defrauded the Debtor personally as well.

The fact that the Debtor signed guarantees in his personal capacity coupled

6

with the fact that the contract between S&S and Kapitus contains a provision purporting to hold the Debtor personally liable for the S&S debt to Kapitus provides the factual basis that Global and Kapitus could have defrauded the Debtor personally in addition to his company, S&S. Put simply, the Debtor has alleged that he personally, not S&S, relied on misrepresentations and that Kapitus and Global induced him personally to enter into agreements that have damaged him personally. The fact that the same could be true for S&S does not negate the Debtor's claims.

Global also argues that the Debtor cannot show that he was damaged personally. As noted above, he has pleaded that he was damaged by the alleged fraudulent scheme at play. Based on the pleadings it is pretty clear that the Debtor has alleged damages because Kapitus is asserting a claim that he is personally liable for the debt arising out of this alleged scheme due to the guarantee and other contractual provisions making the Debtor personally liable.

Global's next argument is that all of the claims against it must fail because the Debtor is not in privity with Global.  This argument also fails because none of the claims asserted by the Debtor have a privity requirement.

The Court will next address Kapitus's argument that the Debtor's fraud and unjust enrichment counterclaims against it must be dismissed because the Debtor failed to allege any wrongdoing by Kapitus. In his response, the Debtor points to O.C.G.A. § 51-12-30, which provides that "[i]n all cases, a person who maliciously procures an injury to be done to another, whether an actionable wrong or a breach of contract, is a joint wrongdoer and may be subject to an action either alone or jointly

with the person who actually committed the injury." He also cites *Siavage v. Gandy*, 350 Ga. App. 562, 829 S.E.2d 787 (2019), for the proposition that Kapitus cannot escape liability for the fraud here because Kapitus allegedly worked closely with Global in Global's fraudulent conduct. The Debtor is correct. As the Court of Appeals of Georgia noted in *Siavage*, "one who knowingly participates in a fraud may be held liable for the fraud." *Siavage*, 350 Ga. App. at 566 (holding that an attorney could not use his client's conduct as a shield for a fraud claim because he worked closely with his client throughout the alleged fraud and "conveyed the false impression that the purported investments were legitimate.") (citation and punctuation omitted).

The Debtor pleaded that Kapitus and Global worked together to defraud him by making misrepresentations, which he relied on to his detriment. The Debtor argues that because of the close work between Kapitus and Global, he and his company got the impression that the loan in question was legitimate. Thus, he argues that Kapitus knowingly participated in this fraud, is a joint wrongdoer with Global, and the actions of Global can be imputed to Kapitus. Similar to the attorney in *Siavage*, Kapitus cannot escape liability for a fraud claim by having Global take the fall for the joint tort that the Debtor alleges both Kapitus and Global worked together to commit.

It being clear that the Debtor could allege claims against both Kapitus and Global, the Court will now address whether the Debtor has sufficiently done so.

### COUNTS I and IV: FRAUD AGAINST KAPITUS AND GLOBAL

In Georgia the tort of fraud has five elements: (1) a false representation or omission of a material fact; (2) scienter; (3) intention to induce the party claiming fraud to act or refrain from acting; (4) justifiable reliance; and (5) damages. *UWork.com, Inc. v. Paragon Techs., Inc.*, 321 Ga. App. 584, 598, 740 S.E.2d 887, 898 (2013). "[C]omplaints that allege fraud are subject to a heightened pleading standard." *In re Moss*, 598 B.R. 508, 512 (Bankr. N.D. Ga. 2019). Federal Rule of Civil Procedure 9(b), made applicable in adversary proceedings pursuant to Bankruptcy Rule 7009, requires the plaintiff to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); Fed. R. Bankr. P. 7009.

"In the Eleventh Circuit, Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *In re Eden*, 584 B.R. 795, 803-04 (Bankr. N.D. Ga. 2018) (internal quotation marks omitted) (quoting *Tello v. Dean Witter Reynolds, Inc.*, 494 F.3d 956, 972 (11th Cir. 2007)).

Here, the Debtor alleges that in the summer of 2021, a Global representative contacted him offering management consulting services and convinced him that S&S needed to borrow money from Kapitus to help with cash flow problems and

profitability. According to the Debtor, these were materially false representations because Global misrepresented the intent and purpose of the loan from Kapitus as necessary for S&S to improve cash flow problems when in fact Global and Kapitus intended to drain S&S of its funds and leave the Debtor on the hook personally for the Kapitus debt. The Debtor alleges that a representative from Global called an established contact with Kapitus on his mobile phone and arranged for the loan to S&S. Working with Kapitus, Global then prepared all the forms for execution by S&S and the Debtor and induced the Debtor to sign them, including the personal guaranty. Once Kapitus funded its loan to S&S, Global collected a substantial fee from the proceeds and allegedly abandoned S&S, leaving it without the promised help and unable to continue in business due to the large debt to Kapitus. All of this, according to the Debtor, constituted a scheme to defraud him and damaged him personally.

This is sufficient to satisfy rule 9(b)'s heightened pleading requirement. The Debtor identifies the party responsible for making the alleged oral misrepresentations as Global and identifies the time that the statements were made as the summer of 2021. The Debtor alleges that these statements misled him into believing that he needed to borrow money in order to solve some financial problems he was having with his company but that instead the loan from Kapitus resulted in more financial problems for S&S that led to the company being dissolved. As a direct consequence of the loan or advance of funds from Kapitus, Global collected a large fee for the consulting services that it allegedly never performed, and the Debtor now finds

himself potentially on the hook personally for the debt to Kapitus. These allegations plainly meet the standard for pleading fraud with particularity.

## COUNTS II and V: UNJUST ENRICHMENT AGAINST KAPITUS AND GLOBAL

Moving on to the claims for unjust enrichment, the Court will next address the argument that contracts between the parties negate any potential claim for unjust enrichment.[2] Kapitus and Global are correct that the Debtor would not be able to succeed on his unjust enrichment claim if a valid contract governed the parties' dispute. *See Huddle House, Inc. v. Two Views, Inc.*, 1:12-CV-03239-RWS, 2013 WL 1390611, at *4 (N.D. Ga. Apr. 4, 2013) (holding that a claim for unjust enrichment failed where neither party disputed the existence of a contract which governed the parties' dispute); *see also NAC Consulting, LLC v. 3Advance, LLC*, 650 F. Supp. 3d 441, 449 (E.D. Va. 2023) ("…under Virginia law, Plaintiff cannot recover on its unjust-enrichment claim if a valid contract governs the parties' relationship.").

However, the Debtor argues that the contracts here do not negate a claim for unjust enrichment because (a) the contracts were between S&S and Kapitus or Global and not between the Debtor and Kapitus or Global and (b) under both Georgia and Virginia law unjust enrichment is applicable when a contract exists but does not resolve the issues. Because the Debtor alleges that the contracts do not resolve the

---

[2] In the Kapitus Motion to Dismiss, Kapitus relies on a Virginia choice of law clause in the contract and cites to Virginia law to argue that an unjust enrichment claim is unavailable in the face of a contract. In his Response, the Debtor argues that any unjust enrichment claim would fall outside of the contract and be governed by Georgia law, not Virginia law, but also notes that the laws of Virginia and Georgia are similar with regard to unjust enrichment claims. The Court also finds that the laws of each jurisdiction on unjust enrichment are similar and will address Kapitus's argument under both the law of Virginia and Georgia.

dispute, the contracts do not negate a claim for unjust enrichment. *See also Goldstein v. Home Depot U.S.A., Inc.*, 609 F.Supp.2d 1340, 1347 (N.D.Ga.2009) ("While a party may plead [the] equitable claim[] [of unjust enrichment] in the alternative, the party may only do so if one or more of the parties contests the existence of an express contract governing the subject of the dispute."); *NAC Consulting, LLC v. 3Advance, LLC*, 650 F. Supp. 3d 441, 449 (E.D. Va. 2023) (allowing plaintiff to plead an unjust enrichment claim in the alternative to a breach of contract claim where the parties had a contractual relationship).

In this case, the Debtor has failed to sufficiently plead a claim for unjust enrichment. Unjust Enrichment "is an equitable concept and applies when as a matter of fact there is no legal contract, but when the party sought to be charged has been conferred a benefit by the party contending an unjust enrichment which the benefitted party equitably ought to return or compensate for." *Wachovia Ins. Servs., Inc. v. Fallon*, 299 Ga. App. 440, 449, 682 S.E.2d 657, 665 (2009) (Citations and punctuation omitted.) "[A] claim for unjust enrichment is not a tort, but an alternative theory of recovery if a contract claim fails." *Harris Ins. Agency v. Tarene Farms*, 293 Ga.App. 430, 431(1), 667 S.E.2d 200 (2008). "[T]he essential elements of the claim are that (1) a benefit has been conferred, (2) compensation has not been given for receipt of the benefit, and (3) the failure to so compensate would be unjust." *Clark v. Aaron's, Inc.*, 914 F. Supp. 2d 1301, 1309 (N.D. Ga. 2012).

So, to succeed on a claim for unjust enrichment, the Debtor must have conferred some benefit on the parties allegedly unjustly enriched. The Debtor has

12

failed to allege that he personally conferred any benefit on either Kapitus or Global. It is true that S&S got funding from Kapitus and gave that money to Global, so S&S could potentially bring a claim for unjust enrichment on these facts since S&S would have conferred a benefit on Global. The Debtor, however, does not plead that he conferred any benefit personally on either Global or Kapitus. As such, the Debtor cannot maintain the claim for unjust enrichment.

## COUNT VII: INDEMNIFICATION AGAINST GLOBAL

In Count VII of the Debtor's Claims, he asserts that "Global engaged in a scheme to enrich itself at the expense of S&S and [the Debtor]" and thus "[t]o the extent that [Debtor] is liable to [Kapitus] in any amount, [he] is entitled to be indemnified by Global. [*See* Doc 22]. As noted above, before being added as a party to this action, Global filed a pleading titled "Answer to Third-party Claim" wherein Global responded to Debtor's allegations in Count VII. [Doc. 32]. Nevertheless, In the Global Motion to Dismiss, Global urges the Court to also consider dismissing the indemnification claim because the arguments raised in regard to the other claims are equally applicable to the indemnification claim. In his Response, the Debtor argues that Global may not now move under Federal Rule of Civil Procedure 12(b)(6) to dismiss the indemnification claim since it already filed an answer to that claim.

Indeed, Rule 12(b) states, "A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12. Thus, a Rule 12(b)(6) motion filed after an answer is "in effect a nullity." *Byrne v. Nezhat*, 261 F.3d 1075, 1094 (11th Cir. 2001). However, as the Eleventh Circuit Court of Appeals

has noted, in some circumstances "the court may construe the Rule 12(b)(6) motion as one seeking judgment on the pleadings under Rule 12(c)." *Whitehurst v. Wal-Mart Stores E., L.P.*, 329 Fed. Appx. 206, 208 (11th Cir. 2008).

Courts typically treat a late-filed Rule 12(b)(6) motion as one seeking judgment on the pleadings under Rule 12(c) when the late-filed 12(b)(6) motion was a fully briefed motion filed separate from and after the answer. *See Burton v. Dunn*, 2:19-CV-242-ECM, 2019 WL 6173502, at *1-2 (M.D. Ala. Nov. 19, 2019) (collecting cases). That is precisely the circumstance in this case. Here, Global filed the Global Limited Answer before it was added as a party to this action. Once Global was added as a party, it filed the Global Motion to Dismiss as a fully briefed and separate document from the Global Limited Answer. Given these circumstances, and considering matters of judicial economy, the Court finds it appropriate to consider the Global Motion to Dismiss as a motion for judgment on the pleadings under Rule 12(c) with respect to the indemnification claim. *United States v. Georgia*, 574 F. Supp. 3d 1245, 1248 (N.D. Ga. 2021) (considering intervenor defendant's motion to dismiss even though it was untimely filed after the answer where intervenor defendants could simply re-file the same motion under Rule 12(c) and seek judgment on the pleadings once state defendants answer the complaint in part due to efficiency considerations).

"Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Atlanta Glob. Res., Inc. v. First Ins. Funding Corp.*, 1:18-CV-01932-AT, 2019 WL 3557891, at *5 (N.D. Ga. Mar. 26, 2019) (quoting

*Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)). "The legal standard for assessing a motion for judgment on the pleadings is the same as the standard for a motion to dismiss under Rule 12(b)(6)." *Id.* As such, the Court's analysis of the indemnification claim is similar to the analysis of the other claims above.

"[U]nder Georgia law indemnity is defined as the obligation or duty resting on one person to make good any loss or damage another has incurred by acting at his request or for his benefit." *Dist. Owners Ass'n, Inc. v. AMEC Envtl. & Infrastructure, Inc.*, 322 Ga. App. 713, 715, 747 S.E.2d 10, 13 (2013) (citation and punctuation omitted). And despite the enactment of OCGA § 51–12–33, it is well settled that Georgia law continues to recognize two broad categories of indemnity: as created by contract, as between a surety and a debtor; and under the common law of vicarious liability, as between principals and agents." *Id.* (citation and punctuation omitted). "Specifically with regard to the latter category, if a person is compelled to pay damages because of negligence imputed to him as the result of a tort committed by another, he may maintain an action for indemnity against the person whose wrong has thus been imputed to him." Id. at 715-16 (citation and punctuation omitted).

In *Dist. Owners Ass'n*, the Court of Appeals of Georgia upheld the trial court's dismissal of a common law indemnification claim where the complaint did "not allege contractual indemnity or vicarious liability based on any agent-principal or employer-employee relationship." *Dist. Owners Ass'n, Inc.*, 322 Ga. App. at 716. The Court of Appeals noted that "because no allegations of imputed negligence or vicarious

15

liability [were] made in this case, 'common law indemnity principles do not apply....'" *Id.* Similarly, the Debtor has made no allegations of contractual indemnity, imputed negligence, or vicarious liability in this case.

Also, in Georgia a party's right to seek indemnity does not actualize until that party extends funds. *See Davis v. S. Exposition Mgmt. Co.*, 232 Ga. App. 773, 775 (1998) ("Where no funds have yet been expended, a party's right to seek indemnification has not yet actualized."); *see also Carr v. Nodvin*, 178 Ga. App. 228, 233 (1986) ("Since there are claims against Nodvin presently pending trial and no funds have been expended by him relating to these claims so as to accrue a right of indemnity against Concept, he has not incurred any 'actual legal liability' in order to assert a claim for indemnity at this point in the litigation."). The Debtor does not allege that he has actually extended any funds to Kapitus at this point, but instead seeks to be indemnified by Global to any extent that he is potentially found liable to Kapitus at some unspecified later date. Because the Debtor has failed to allege contractual indemnity, imputed negligence, or vicarious liability to support his indemnificatoin claim, and because he has also failed to allege that he extended any funds to Kapitus, the Debtor has failed to sufficiently plead his claim for indemnification against Global.

In his Responses, the Debtor cites to *Mederos v. United States*, and argues that the Court must require any claim not sufficiently pleaded to be repleaded instead of dismissed. In *Mederos*, the Eleventh Circuit stated that "a district court abuses its discretion by dismissing a complaint under Fed.R.Civ.P. 12(b)(6) where a more

16

carefully drafted complaint might state a claim." *Mederos v. United States*, 218 F.3d 1252, 1254 (11th Cir. 2000) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir.1991). However, this rule, known as the *Bank* rule, has since been overruled by the Eleventh Circuit and replaced with a new rule. *See Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002). In *Daewoo*, the Eleventh Circuit stated the new rule as follows: "[a] district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." *Id.* In jettisoning the *Bank* rule, the Eleventh Circuit explained:

> Under the *Bank* rule, a plaintiff could sit idly by as he awaited the district court's determination with respect to a Rule 12(b)(6) motion to dismiss; he need not seek leave to amend his complaint nor amend it as of right, because he would have "two bites at the apple" on appeal. *See, e.g., Bank*, 928 F.2d at 1113. As in this case, the plaintiff could appeal the adverse ruling of the district court as long as it was a final judgment. *Briehler v. City of Miami*, 926 F.2d 1001, 1002 (11th Cir.1991) (per curiam) (discussing when an order dismissing a complaint is final and appealable). If we reversed the district court, the plaintiff's appeal was successful. His appeal, however, also was successful if we affirmed the district court, because we would then remand the case to the district court and instruct the court to permit the plaintiff to amend his complaint. *See, e.g., Bank*, 928 F.2d at 1113. Consequently, the plaintiff reaped several benefits without taking any risks by appealing the dismissal without seeking leave to amend before the district court.
>
> *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 543 (11th Cir. 2002)

In this case, the Debtor, represented by counsel, never sought to amend his Complaint. Instead, the Debtor chose to file Responses to the Motions to Dismiss and litigate the Motions. Had the Debtor wished to amend, he should have done so. As

such, the claims for unjust enrichment and indemnification may be dismissed without allowing Debtor to amend his Complaint.

In addition, even if the Debtor did amend his Complaint, any attempt to amend the claims for unjust enrichment and indemnification would likely be futile. The Eleventh Circuit has held that dismissing a claim with prejudice is appropriate "if a more carefully drafted complaint could not state a claim." *Bank*, 928 F.2d at 1112, overruled on other grounds by *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541 (11th Cir.2002). Based on the information contained in the pleadings, the Court concludes that any such attempt by the Debtor to amend the claims for unjust enrichment and indemnification would be futile. S&S paid the money to satisfy the debt to Global, so the Debtor will be unable to allege that he conferred any benefit to support an unjust enrichment claim against Global, much less against Kapitus. Amendment will not save the indemnification claim against Global either given that the Debtor has not yet advanced any funds to Kapitus, Moreover, there is no employer-employee relationship or contractual indemnity provision in this case. Because amendment would be futile and will not save Debtor's claims for unjust enrichment or indemnification, dismissal of those claims with prejudice is appropriate.

## MOTION TO STRIKE OR FOR A MORE DEFINITE STATEMENT

Kapitus also asks the Court to strike two defenses asserted by Debtor in his answer under Federal Rule 12(f) for failure to state a legal defense. The Debtor's first defense was for failure to state a claim upon which relief could be granted. Kapitus

18

seeks to have Debtor's first defense stricken arguing that the Court has already addressed whether Kapitus's complaint sufficiently stated a claim for which relief can be granted when the Court ruled on Debtor's motion to dismiss Kapitus's complaint. The Debtor's second defense is that Kapitus is not the real party in interest in this case and that pursuant to Fed. R. Civ. P. 17(a), the Debtor objects to proceeding unless the real party in interest is joined in this case. Kapitus also moves under Federal Rule 12(e) for an order requiring Debtor to make a more definite statement arguing that the second defense is "so vague and ambiguous that Kapitus cannot reasonably be required to frame a responsive pleading."

In a Response, the Debtor withdrew his defense of failure to state a claim for which relief can be granted to the extent that the issues raised in it have been previously decided in the Court's ruling on his Motion to Dismiss. With regard to the second defense, the Debtor noted that Kapitus contradicted itself by referring to itself with different names on the proof of claim filed in the main case and the complaint and other pleadings filed in the adversary proceeding. Indeed, the proof of claim lists "Kapitus Servicing, Inc. as servicig [sic] agent for Strategic Funding Source, Inc." and the complaint and other pleadings in this adversary proceeding list "Kapitus Servicing, Inc., as servicing agent for Kapitus, LLC." This does raise the question of whether the Kapitus identified in the proof of claim or the Kapitus identified in the pleadings in this adversary proceeding is the proper party to proceed in this matter. As such, the second defense will remain and the motion to strike it and the motion for a more definite statement will be denied.

Global also made reference to a motion under rule 12(e) for a more definite statement as to the claims asserted by the Debtor. The Court finds that no cause exists to grant that motion because the Debtor sufficiently pleaded his fraud claims, and none of the claims are so vague that Global or Kapitus would be unable to frame a responsive pleading.

Lastly, Kapitus's argument that the Court must dismiss counts four through six because they are not counterclaims against Kapitus also fails. As the Debtor correctly notes in his response, these claims are permitted pursuant to Federal Rules of Civil Procedure 18 and 19 and this Court's Order adding Global as a Counterclaim Defendant.

The Court has considered all relevant matters of record, including but not limited to the Debtor's Claims, the Motions, the Responses, and the Global Limited Answer, and for the reasons stated herein it is hereby,

**ORDERED** that the Motions are **DENIED** with respect to Counts I and IV of the Debtor's Claims for fraud against Kapitus and Global; and it is

**FURTHER ORDERED** that the Motions are **GRANTED** with respect to Counts II and V of the Debtor's Claims for unjust enrichment against Kapitus and Global and Counts II and V are dismissed with prejudice; and it is

**FURTHER ORDERED** that Counts III and VI of the Debtor's Claims for violation of the Georgia Fair Business Practices Act against Kapitus and Global are dismissed with prejudice; and it is

**FURTHER ORDERED** that the Global Motion to Dismiss with respect to Count VII of the Debtor's Claims for indemnity against Global is **GRANTED** and Count VII is dismissed with prejudice, and it is

**FURTHER ORDERED** that Kapitus's Motion to Strike or for a More Definite Statement as to the Debtor's First Affirmative Defense is **GRANTED** and Debtor's First Affirmative Defense will be stricken; and it is

**FURTHER ORDERED** that Kapitus's Motion to Strike or for a More Definite Statement as to the Debtor's Second Affirmative Defense is **DENIED**; and it is

**FURTHER ORDERED** that Global's Motion for a More Definite Statement as to the Debtor's Counterclaims and Third-party Claims is **DENIED**.

The Clerk shall serve a copy of this order on the Debtor, counsel for the Debtor, counsel for Kapitus, and counsel for Global.

**END OF ORDER**
