

**IT IS ORDERED as set forth below:**

Date: July 1, 2024

_____
**James R. Sacca**
**U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 13 |
| WILLIAM VIRGIL STANFIELD, | ) | Case No. 22-20337-JRS |
| | ) | |
| Debtor. | ) | |
| | ) | |
| KAPITUS SERVICING, INC., | ) | |
| as servicing agent for Kapitus LLC, | ) | |
| | ) | Adversary Proceeding |
| Plaintiff, | ) | |
| | ) | No. 23-02003-JRS |
| v. | ) | |
| | ) | |
| WILLIAM VIRGIL STANFIELD, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AUTHORIZING MEDIATION**

The parties in this case filed a Joint Motion Requesting Mediation (Docket No. 51) on June 12, 2024. It appears that the most productive form of mediation is to designate a current bankruptcy judge with no assignment or responsibility for these proceedings as a settlement judge to serve as a neutral mediator and that Bankruptcy Judge Paul W. Bonapfel is qualified and suitable to serve in that capacity.

For good cause shown, it is hereby **ORDERED** as follows:

1. The parties to this proceeding shall mediate the issues and disputes presented in these proceedings. Bankruptcy Judge Bonapfel is designated as a settlement judge with regard to this matter for the purpose of conducting mediation proceedings as the neutral mediator. Such mediation shall be conducted at a time and place and in accordance with procedures mutually agreed upon by the parties and Judge Bonapfel.

2. Because Judge Bonapfel will be serving as the neutral mediator in this matter and because the nature of the mediation process requires *ex parte* contacts and communications between the neutral mediator and each of the sides, the prohibitions of FED. R. BANKR. P. 9003 do not apply to communications among the parties, their attorneys, and Judge Bonapfel in connection with the mediation proceedings. The parties and their attorneys may, therefore, have *ex parte* communications with Judge Bonapfel in his capacity as the neutral mediator in connection with the mediation proceedings.

3. All communications made by the parties or their attorneys to each other or to Judge Bonapfel in connection with the mediation process, the conduct and demeanor of the parties and their counsel during the mediation, and any documents prepared or produced in connection with the mediation process, including Judge Bonapfel's notes or records, shall be confidential and shall not be admissible in evidence or the subject of any discovery in any proceeding (unless admissible or discoverable without regard to the mediation). The mediation sessions and any conferences or proceedings in connection therewith shall be treated as compromise negotiations for purposes of the Federal Rules of Evidence, the Georgia Rules of Evidence, or any rules of evidence of any other jurisdiction. No record will be made of the mediation proceedings. Judge Bonapfel is disqualified from appearing as a witness in any matter, and shall not be called as a witness, with regard to the mediation or any matter arising out of or related thereto.

The Clerk is directed to serve a copy of this Order on the Plaintiff, counsel for Plaintiff, the Defendant, counsel for the Defendant and the Chapter 13 Trustee.

END OF ORDER