UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| WILLIAM VIRGIL STANFIELD, | ) | Case No. 22-20337-JRS |
| | ) | |
| Debtor. | ) | Judge Sacca |
| | ) | |
| KAPITUS SERVICING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM VIRGIL STANFIELD, | ) | |
| | ) | Adversary Proceeding |
| Defendant/Counterclaim Plaintiff, | ) | No. 23-2003 |
| | ) | |
| v. | ) | |
| | ) | |
| KAPITUS SERVICING, INC. Counterclaim Defendant, | ) | |
| | ) | |
| and GLOBAL RESOURCES, LLC, Counterclaim Defendant and Third-Party Defendant. | ) | |

DEFENDANT'S ANSWER AND DEFENSES
TO PLAINTIFF'S SECOND AMENDED COMPLAINT

COMES NOW William Virgil Stanfield (the "Defendant" or "Mr. Stanfield") and makes this his Answer and Defenses to the Second Amended Complaint of Kapitus Servicing, Inc. ("Kapitus" or "Plaintiff"), respectfully showing the Court as follows:

PRELIMINARY STATEMENT

The amended complaint makes no new claims against Mr. Stanfield. The only new claim is an alternative claim against Global Resources, LLC. Accordingly, Mr. Stanfield's intention is to reiterate his position from the beginning of this case and to state that he is without knowledge sufficient to either admit or deny the allegations as to Global Resources, LLC.

FIRST DEFENSE

Plaintiff's Complaint fails to state a claim for which relief can be granted.

SECOND DEFENSE

Plaintiff's is not the real party in interest in this case. Pursuant to Fed. R. Civ. P. 17(a), Defendant objects to proceeding unless the real party in interest is joined in this case.

THIRD DEFENSE

For his third defense, Defendant responds to the individually numbered paragraphs of Plaintiff's Complaint as follows:

Jurisdiction and Venue

1. Defendant admits the allegations contained in Paragraph 1 of the Complaint.

2. Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 3 of the Complaint.

4881-4490-2253, v. 4

4. In response to Paragraph 4 of the Complaint, Defendant states that the document in question speaks for itself.  To the extent that the allegations vary from the document referenced, Defendant denies the allegations. To the extent that Paragraph 4 contends that Plaintiff is the real party in interest, Defendant denies the allegation.

5. Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6. Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8. Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9. Defendant admits the allegations contained in Paragraph 9 of the Complaint.

10. Defendant admits the allegations contained in Paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12. Defendant admits the allegations contained in Paragraph 12 of the Complaint.

13. Defendant is without information sufficient to either admit or deny the allegations of Paragraph 13 of the Complaint.

The Forward Purchase Agreement

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. In response to Paragraph 17 of the Complaint, Defendant states that the document speaks for itself. To the extent that the allegations vary from the document referenced, Defendant denies the allegations.

18. In response to Paragraph 18 of the Complaint, Defendant states that the document speaks for itself. To the extent that the allegations vary from the document referenced, Defendant denies the allegations.

19. In response to Paragraph 19 of the Complaint, Defendant states that the document speaks for itself. To the extent that the allegations vary from the document referenced, Defendant denies the allegations.

20. In response to Paragraph 20 of the Complaint, Defendant states that the document speaks for itself. To the extent that the allegations vary from the document referenced, Defendant denies the allegations.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. In response to Paragraph 22 of the Complaint, Defendant states that the document speaks for itself. To the extent that the allegations vary from the document referenced, Defendant denies the allegations.

23. In response to Paragraph 23 of the Complaint, Defendant states that the document speaks for itself. To the extent that the allegations vary from the document referenced, Defendant denies the allegations.

24. In response to Paragraph 24 of the Complaint, Defendant states that the document speaks for itself. To the extent that the allegations vary from the document referenced, Defendant denies the allegations.  To the extent that Paragraph 24 contends that Defendant signed the Agreement, Defendant admits the allegation.

25. In response to Paragraph 25 of the Complaint, Defendant states that the document speaks for itself. To the extent that the allegations vary from the document referenced, Defendant denies the allegations.

26. In response to Paragraph 26 of the Complaint, Defendant states that the document speaks for itself. To the extent that the allegations vary from the document referenced, Defendant denies the allegations.

27. In response to Paragraph 27 of the Complaint, Defendant states that the document speaks for itself. To the extent that the allegations vary from the document referenced, Defendant denies the allegations.

28. In response to Paragraph 28 of the Complaint, Defendant states that the document speaks for itself. To the extent that the allegations vary from the document referenced, Defendant denies the allegations.

29. Defendant denies the allegations of Paragraph 29 of the Complaint.

30. In response to Paragraph 30 of the Complaint, Defendant states that the document speaks for itself. To the extent that the allegations vary from the document referenced, Defendant denies the allegations.

31. In response to Paragraph 31 of the Complaint, Defendant states that the document speaks for itself. To the extent that the allegations vary from the document referenced, Defendant denies the allegations.

32. In response to Paragraph 32 of the Complaint, Defendant states that the document speaks for itself. To the extent that the allegations vary from the document referenced, Defendant denies the allegations.

33. In response to Paragraph 33 of the Complaint, Defendant states that the document speaks for itself. To the extent that the allegations vary from the document referenced, Defendant denies the allegations.

34. Defendant admits the allegations contained in Paragraph 34 of the Complaint.

35. In response to Paragraph 35 of the Complaint, Defendant states that the document speaks for itself. To the extent that the allegations vary from the document referenced, Defendant denies the allegations.

36. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

Fraudulent and False Solicitation by Global and Inducement of Default

38. Defendant admits the allegations contained in Paragraph 38 of the Complaint.

39. Defendant admits the allegations contained in Paragraph 39 of the Complaint.

40. Defendant admits the allegations contained in Paragraph 40 of the Complaint.

41. Defendant admits the allegations contained in Paragraph 41 of the Complaint.

42. Defendant admits the allegations contained in Paragraph 42 of the Complaint.

43. Defendant admits the allegations of Paragraph 43 of the Complaint.

44. Debtor denies the allegations of the first sentence of Paragraph 44 but admits all the remaining allegations of Paragraph 44 of the Complaint.

45. Debtor admits that Global collected substantial fees from S&S but cannot state with certainty the amounts at this time and is therefore without sufficient information to either admit or deny the remaining allegations of Paragraph 45 of the Complaint.

46. Defendant admits the allegations of Paragraph 46 of the Complaint.

### Funding, Violations of Representations, and Defaults

47. Defendant admits the allegations of Paragraph 46 of the Complaint.

48. Defendant is without information sufficient to either admit or deny the allegations of Paragraph 48 of the Complaint.

49. Defendant that he had any personal obligation to make payment to Plaintiff but otherwise admits the allegations contained in Paragraph 49 of the Complaint.

50. In response to Paragraph 50 of the Complaint, Defendant states that the document speaks for itself. To the extent that the allegations vary from the document referenced, Defendant denies the allegations.

51. Defendant is without information sufficient to either admit or deny the allegations of Paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55. Defendant admits that it employed Global but denies the remaining allegations contained in Paragraph 55 of the Complaint.

56. Defendant admits the allegations contained in Paragraph 56 of the Complaint.

57. Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59. Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60. Defendant admits the allegations contained in Paragraph 60 of the Complaint.

61. Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 62 of the Complaint.

63. Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 64 of the Complaint.

65. Defendant admits the allegations contained in Paragraph 65 of the Complaint.

66. Defendant admits the allegations contained in Paragraph 66 of the Complaint.

67. Defendant denies the allegations contained in Paragraph 67 of the Complaint.

68. Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69. Defendant denies the allegations contained in Paragraph 69 of the Complaint.

70. Defendant denies the allegations contained in Paragraph 70 of the Complaint.

71. Defendant denies the allegations contained in Paragraph 71 of the Complaint.

COUNT I

(Non-Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(2)(A))

72. Defendant restates its responses to Paragraphs 1-71 as set forth above and incorporates the same as though set forth herein.

73. Defendant denies the allegations contained in Paragraph 73 of the Complaint.

74. As to Paragraph 74, Defendant admits that Global made misrepresentations to S&S and Defendant and caused S&S to enter into the agreement with Kapitus without explaining the agreement and with the intent to take the money for itself. Defendant denies that he made any misrepresentations to Kapitus. Defendant admits all remaining allegations of Paragraph 74 of the Complaint.

75. In response to Paragraph 75 of the Complaint, Defendant states that the document speaks for itself. To the extent that the allegations vary from the document referenced, Defendant denies the allegations.

76. Defendant denies the allegations contained in Paragraph 76 of the Complaint.

77. Defendant denies the allegations as to Defendant contained in Paragraph 77 of the Complaint.

78. Defendant admits that S&S paid substantial sums to Global but denies the remaining allegations contained in Paragraph 78 of the Complaint.

79. Defendant denies the allegations contained in Paragraph 79 of the Complaint.

80. Defendant denies the allegations contained in Paragraph 80 of the Complaint.

81. Defendant is without sufficient information to either admit or deny the allegations as stated in Paragraph 81 of the Complaint.

82. Defendant denies the allegations contained in Paragraph 81 of the Complaint.

83. Defendant denies the allegations contained in Paragraph 83 of the Complaint.

84. Defendant denies the allegations as to Debtor contained in Paragraph 84 of the Complaint.

85. Defendant admits that S&S no longer operates and denies the remaining allegations of Paragraph 85 of the Complaint.

86. Defendant denies the allegations as to Defendant contained in Paragraph 86 of the Complaint.

87. Defendant denies the allegations contained in Paragraph 87 of the Complaint.

88. Defendant denies the allegations contained in Paragraph 88 of the Complaint.

## COUNT II

(Non-Dischargeability of Debtor Pursuant to 11 U.S.C. § 523(a)(2)(B))

89. Defendant realleges its responses to Paragraphs 1-88 as stated above and incorporates the same as though set forth herein.

90. Paragraph 90 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent any response is required, the allegations are denied.

91. Defendant denies the allegations as to Debtor contained in Paragraph 91 of the Complaint.

92. In response to Paragraph 92 of the Complaint, Defendant states that the document speaks for itself. To the extent that the allegations vary from the document referenced, Defendant denies the allegations.

93. In response to Paragraph 93 of the Complaint, Defendant states that the document speaks for itself. To the extent that the allegations vary from the document referenced, Defendant denies the allegations.

94. Defendant denies the allegations contained in Paragraph 94 of the Complaint.

95. Defendant denies the allegations contained in Paragraph 95 of the Complaint.

96. Defendant denies the allegations contained in Paragraph 96 of the Complaint as to Defendant.

97. Defendant denies the allegations contained in Paragraph 97 of the Complaint as to Defendant.

98. Defendant denies the allegations contained in Paragraph 98 of the Complaint as to Defendant.

99. Defendant denies the allegations contained in Paragraph 99 of the Complaint.

100. Defendant denies the allegations contained in Paragraph 100 of the Complaint.

101. Defendant denies the allegations contained in Paragraph 101 of the Complaint.

## COUNT III

(Fraud against Global in the Alternative.

4881-4490-2253, v. 4

102. As to Paragraphs 102 to 107, Plaintiff makes no allegations as to Defendant. To the extent there are any allegations in Paragraph 102 to 107 as to Defendant, Defendant denies them.

### COUNT IV

(Procurer of Wrong Pursuant to Section 51-12-30 Against Global in the Alternative)

103. As to Paragraphs 108 to 111, Plaintiff makes no allegations as to Defendant. To the extent there are any allegations in Paragraph 108 to 111 as to Defendant, Defendant denies them.

### COUNT V

(Tortious Interference with Contract Against Global in the Alternative)

104. As to Paragraphs 112 to 115, Plaintiff makes no allegations as to Defendant. To the extent there are any allegations in Paragraph 112 to 115 as to Defendant, Defendant denies them.

### COUNT VI

(Unjust Enrichment against Global Resources, LLC in the Alternative)

105. As to Paragraphs 116 to 119, Plaintiff makes no allegations as to Defendant. To the extent there are any allegations in Paragraph 116 to 119 as to Defendant, Defendant denies them.

GENERAL DENIAL

Defendant denies any allegation of Plaintiff's Amended not specifically admitted above.

WHEREFORE, having answered Plaintiff's Second Amended Complaint, Defendant prays this Court dismiss the Second Amended Complaint, or, in the alternative that he have judgment in his favor on the Second Amended Complaint, with all costs cast upon Plaintiff and for all such other and further relief as the Court finds equitable and just.

This 27th day of October, 2025.

                                        KELLEY LAW LLC

By:   */s/ Charles N. Kelley, Jr.*
       Charles N. Kelley, Jr.
       Georgia State Bar No. 412212
       charles@charleskelley.law

Counsel for Defendant

PO Box 2758
Gainesville, Georgia 30503
(770) 531-0007

4881-4490-2253, v. 4

CERTIFICATE OF SERVICE

I hereby certify that I did this day file the above and foregoing Answer and Defenses to Plaintiff's Second Amended Complaint with the Court via its CM/ECF System, which will provide electronic notice to all counsel.

This 27th day of October, 2025.

        KELLEY LAW LLC

By:    */s/ Charles N. Kelley, Jr.*
        Charles N. Kelley, Jr.
        Georgia State Bar No. 412212
        charles@charleskelley.law

        Counsel for Defendant

PO Box 2758
Gainesville, Georgia 30503
(770) 531-0007

4881-4490-2253, v. 4